*Edward D. Bassett & Frederic Hayes*, for defendants.

---

PETITION OF MICHAEL McCABE and MARY CANNING for an Opinion of the Court

A minor inherited certain realty of which his parents had been tenants in common in equal shares.    Under the direction of the Court of Probate the minor's guardian sold the realty. The minor then died childless before attaining majority, and leaving a will which was a valid testamentary disposition of personalty, but not of realty.

*Held*, under Pub. Stat. R. I. cap. 179, § 14, that the surplus in the guardian's hands descended as if realty, in equal moieties, to the minor's paternal and maternal next of kin.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

*June* 19, 1886.    DURFEE, C. J.    It appears from the case stated that Delia Galice inherited from her father and mother certain real estate which belonged to them during their lives in equal moieties as tenants in common ; that she was an infant when they died, and continued to be such until her decease ; that her

guardian sold said estate, by authority of the proper court of probate, for the purposes of the guardianship; that Delia died November 21, 1885, being then nineteen years old, leaving a will, executed the day she died, which purported to dispose of her estate; and that the only estate which she then had was the surplus proceeds of the real estate sold as aforesaid. Under our statute, minors of eighteen years of age can dispose of their personal estate by will, but no person can so dispose of his real estate unless he be of full age. Pub. Stat. R. I. cap. 182, §§ 1, 2. The first question is whether Delia's said will was effectual to pass her estate. The answer depends on the construction given to Pub. Stat. R. I. cap. 179, § 14, which provides that when the real estate of a ward is sold by his guardian, by leave of a probate court, the surplus proceeds remaining at the death of the ward "shall descend to and vest in the heirs of such ward, as the real estate of the ward would have done had no sale thereof been made." This clearly means that the conversion of the real estate into money shall not alter the course of descent. Now, since the will would have been ineffectual to interrupt the descent if the real estate had not been sold, we think it must likewise be held to be ineffectual notwithstanding the sale as to the surplus proceeds.

The second question is as to the manner and proportions in which the estate will descend. Our answer is that the surplus proceeds will descend in moieties according to the canons of descent, one half going to the next of kin of the deceased of the blood of the father, and the other half to the next of kin of the blood of the mother, the proceeds being treated as ancestral estate descending the one half from the father, and the other half from the mother.

*Francis L. O'Reilly & Charles E. Gorman*, for McCabe.
*Benjamin M. Bosworth*, for Canning.